IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ENOCH JOHNSON, | § | |
| | § | No. 204, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2101011771 (N) |
| STATE OF DELAWARE, | § | 1909003409 (N) |
| | § | |
| Appellee. | § | |

Submitted: August 10, 2023
Decided: October 23, 2023

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Enoch Johnson, appeals the Superior Court's denial of his motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit. We agree and affirm.

(2) On June 21, 2021, Johnson resolved two sets of criminal charges by pleading guilty to one count of first-degree robbery and one count of possession of a firearm during the commission of a felony ("PFDCF"). In exchange for his guilty plea, the State agreed to dismiss the remaining charges in both cases and cap its

sentencing recommendation to eight years of unsuspended Level V time. Following a presentence investigation, the Superior Court sentenced Johnson to an aggregate of thirty years of incarceration, suspended after the minimum-mandatory term of six years followed by decreasing levels of supervision. Johnson did not appeal his convictions or sentence.

(3) In May 2022, Johnson filed a motion for sentence modification under Superior Court Criminal Rule 35(b). The Superior Court denied the motion, finding that the court had no authority to reduce the minimum-mandatory term of Johnson's sentence. Johnson did not appeal. In May 2023, Johnson filed another motion for sentence modification, raising ineffectiveness-of-counsel claims and due process violations. The Superior Court denied Johnson's motion, and this appeal followed.

(4) We review the Superior Court's denial of a Rule 35(b) motion for abuse of discretion.[1] Under this "highly deferential" standard, the test is whether "the trial court acted within a zone of reasonableness or stayed within a range of choice."[2] We likewise review the denial of a motion for correction of an illegal sentence for abuse of discretion.[3] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute,

---

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[2] *Id*. at 977 (internal quotation marks and citation omitted).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

2

is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5)    Although Johnson's motion in the Superior Court was captioned as a motion for sentence modification, Johnson's arguments below and on appeal are premised on his belief that he could not be convicted and sentenced for both PFDCF and first-degree robbery under Delaware law. Johnson is mistaken.  "[T]he language of the PFDCF statute is clear evidence that the General Assembly intended to punish PFDCF and any underlying felony as separate offenses."[5] There is therefore no double jeopardy violation arising from Johnson's separate convictions and sentences for PFDCF and first-degree robbery.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] *Chandler v. State*, 2015 WL 733633, at *1 (Del. Feb. 19, 2015).